BROWNING, C.J.,
dissenting.
Because the trial court and majority correctly state the legal principles governing the entry of a summary judgment, but fail to properly apply those principles to the record facts of this case that present a genuine issue of fact, I respectfully dissent.
The majority presents only a portion of the facts that are necessary for the proper disposition of this appeal, a reversal. The record reveals unrebutted expert testimony that the use of the two-inch net results in netting significantly more juvenile fish and less marketable adult fish than a three-inch mesh net, and that if continued, this practice will eventually eliminate and annihilate the mullet resource. Also, the record contains expert opinion testimony on the ultimate issue that no rational basis exists for the Appellee’s adoption of the two-inch mesh requirement.
In the face of this unchallenged testimony from two expert witnesses, it is inconceivable to me that an affidavit containing an allegation that the fish population has increased provides a rational basis that supports the entry of summary judgment here. Such a conclusion can be reached only by concluding for summary judgment purposes that the two affidavits of the Appellee’s experts are not credible, and it is well-known that questions of credibility cannot be resolved by summary judgment. *11 By so doing, the trial court reversibly erred, and this court should reverse as the precedents alluded to in the majority opinion require.
Moreover, this case can be affirmed only by disregarding the mandate of section 90.703, Florida Statutes (2005), which provides:
Opinion on ultimate issue. — Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it includes an ultimate issue to be decided by the trier of fact.
Two of Appellee’s experts unequivocally testified there is no rational basis for the two-inch mesh requirement. This clearly refutes and makes an issue of the existence of any rational basis, which by necessity includes the rational basis found by the trial court and the majority.
Finally, I am concerned about the prece-dential impact of the majority opinion on the relationship of average citizens, such as Appellants, with governmental agencies in the future. If agencies are not required to justify their alleged rational basis at an evidentiary hearing when that basis is refuted, as here, this court is preparing a fertile field for the growth of imperious agencies, with all of the mischief it entails.
For these reasons, I dissent.